UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JACK L. BURFORD | CIVIL ACTION NO. 09-cv-0973 |
| VERSUS | JUDGE HICKS |
| STATE LINE GATHERING SYSTEM, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The court earlier ordered State Line Gathering System, LLC to file an amended notice of removal and allege its citizenship with particularity. The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The

Mullins opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient. This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court, and Elliot v. Tilton, 62 F.3d 725, 729 (5th Cir. 1995) (vacating judgment and chastising district court for not engaging in this kind of inquiry early in the case).

State Line has filed an amended notice of removal and stated that it has two members, both of which are also LLCs. State Line proceeded to follow the layers of entities and set forth the membership with particularity, but it was unable to definitively establish all of the states in which it is a citizen. The examination of the membership layers broke down when it reached certain limited partnerships for which that State Line could not obtain the citizenship information within the time allowed by the court. State Line states that some of the limited partners at issue include university endowments, foundations, families, insurance companies, and other institutional investors. State Line offers to attempt to provide

additional information, if required, although it admits that it may not be able to obtain the required information with respect to all of the relevant entities.

The court will allow State Line a reasonable period to explore the citizenship issues and attempt to set forth the requisite facts with particularity, but it cannot simply excuse setting forth those relevant facts because there are many limited partners or the information is difficult to obtain. The courts have required specific facts to support an assertion of complete diversity even when limited partnerships had thousands of publicly traded interests that changed hands frequently. See Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) and Masion v. Liberty Mutual Insurance Co., 2006 WL 1675378 (W.D. La. 2006). To do otherwise would not adequately respect the requirement that there be complete diversity of citizenship before the federal court may exercise its limited jurisdiction under 28 U.S.C. § 1332.

State Line will be permitted until **August 31, 2009** to file a second amended notice of removal that sets forth all of the necessary citizenship information, file a motion for extension of time based on a good-faith belief that the necessary information can be gathered and alleged in a reasonable period, or advise the court that it is unable to set forth the information necessary to satisfy this order. If the latter course is pursued, a remand will be required for a lack of showing of subject-matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of August, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE